## No. 9184.

### HUSTON *v.* GAFFNER.

1. EVIDENCE—*Admissibility—Contract Preliminary to Deed.* A contract for the conveyance of an interest in land is admissible to aid in the interpretation of the conveyance afterwards executed pursuant thereto.

2. CONVEYANCE—*Construed.* Conveyance of a right of way over lands limited to the grantee named "his heirs and executors" avails to his assigns. (Rev. Stat. 675.)

*Error to Garfield District Court, Hon. John T. Shumate, Judge.*

Mr. C. W. DARROW, for plaintiffs in error.

*No one appearing for the defendant in error.*

Mr. Justice Scott delivered the opinion of the court.

THIS is an action by the plaintiff below, defendant in error here, to enjoin the defendants in error, mother and son, from the use of three private roadways, apparently necessary to secure ingress and egress to and from the lands upon which they reside.

It appears that the plaintiff is the owner of a tract of fifty acres of land described in the complaint and being within Sec. 4, Twp. 6 S. of Range 93 W. 6th P. M.

That the defendants are the owners of a tract of land adjoining that of the plaintiff on the east, containing 20.421

acres.   Both tracts extend southward to the south line of the N. E. ¼ of the S. W. ¼ of said section.   There is a roadway 25 feet wide on the south side of plaintiffs land and extending to the lands of defendant.   This may for convenience be designated as Road No. 2, involved in this proceeding.

From a point on this road and extending southwesterly across the S. E. ¼ of the S. W. ¼ of said section to a point connecting with the west line of the county road, is a·roadway 25 feet wide referred to in the record as the "condemned road," and which for convenience may be designated as Roadway No. 3.   These two roadways, if we correctly understand from the somewhat obscure record in this case, are used by both plaintiff and defendant to reach the public highway with which No. 3 connects.

The additional roadway referred to in the complaint is not involved in this review and is expressly withdrawn from consideration by counsel for plaintiff in error.

The court found and decreed that the defendants have the right to the use and enjoyment of the road which we have designated as No. 2, but denied the defendants the use and enjoyment of Road No. 3, connecting said Road No. 2, with the public highway, and enjoined them from the use of the same.

This latter is the error of which plaintiffs in error allege and complain.   It appears that prior to this proceeding W. E. Hocker was the owner of the premises now owned by defendants, and was their immediate grantor. That Frankie Wason was the owner of the premises now owned by the plaintiff, and was her immediate grantor. That in April, 1907, these parties entered into a written agreement concerning these several roads, and after reciting their respective ownership of the lands it was stipulated:

"Now, therefore, the party of the first part for and in consideration of the agreements on the part of the said second party, hereinafter mentioned, has agreed and by these presents does agree to grant to said second party

the right to the use of as a private roadway, jointly with himself, a strip of land 25 feet in width off of the south side of the N. E. ¼ of the S. W. ¼ of said Section 4, extending east from the S. W. corner of said N. E. ¼ of the S. W. ¼ of Section 4, along the south side of the N. E. ¼ of the S. W. ¼ of Section 4, a distance of about eight hundred and twenty (820) feet to a point where said 25 foot strip of land intersects the right of way sought to be condemned by second party as above stated.

And said second party for and in consideration of the promises and agreements on the part of the said first party, herein contained, has agreed and by these presents does agree to grant to said first party the right to the use of as a private roadway, jointly with herself, the strip of land 25 feet in width now used by second party, extending south from her residence along the east side of the N. W. ¼ of S. W. ¼ said Section 4, to S. E. corner of N. W. ¼ of S. W. ¼ of said Section 4, and also the right to use jointly with second party as a private roadway the 25 foot strip of land off the south side of the N. E. ¼ of S. W. ¼ said Section 4, granted to second party by first party as aforesaid.

And said second party further agrees to secure by condemnation at her own expense the right of way for a private roadway over and across the S. E. ¼ of S. W. ¼ of said Section 4, connecting said county road with the right of way for a private roadway along the south side of the N. E. ¼ of S. W. ¼ said Section 4, and to grant to said first party the right to use jointly with herself as a private roadway the said right of way so to be condemned.

And it is mutually understood and agreed by and between the parties hereto, that the rights of way for private road purposes along the east side of the N. W. ¼ of S. W. ¼ and south side of N. E. ¼ of S. W. ¼ and across the S. E. ¼ of S. W. ¼ of said Section 4, is to be owned and used by the first and second parties herein named and their heirs and assigns as tenants in common, and that each of the parties hereto agrees to make such deeds of

conveyance as may be necessary to carry out the intent and purpose of this contract.

And it is further mutually agreed by and between the parties hereto that the agreement herein contained shall be taken and considered as being covenants running with the lands of said parties herein described and binding upon each of said parties, their heirs and assigns."

This contract was properly recorded. The condemnation proceedings referred to were duly had and completed, and thereafter the parties exchanged deeds as stipulated in the contract confirming and granting the rights of way as agreed.

Hocker transferred his land to the defendant, Frank Huston, by quit claim deed, July 10th, 1910, which after describing the land conveyed, together with certain water rights, concluded:

"Together with a perpetual right to the use of grantor's rights, interest and equities for road purposes to any road or roads which may furnish an outlet from said lands herein described to the county road established and lying East and South of the land herein described."

The grant in this deed was:

"Has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell, convey and confirm unto the said party of the second part, his heirs and assigns forever, all the following described lot or parcel of land, situate, lying and being in the County of Garfield, and State of Colorado, to-wit."

Afterward the defendant Frank Huston, conveyed to his mother, defendant Martha E. Huston, by warranty deed, dated January 29th, 1913, the premises in question. The grant and warranty was to the grantee, "her heirs and assigns forever."

This deed after describing the lands conveyed, together with the water rights, recites; "together with any road or roads which may furnish an outlet from said lands herein described to the county road, established and lying east and south of the land herein described."

For some reason not appearing, the court excluded the contract above referred to, between Hocker and Frankie Wason as evidence. This was plainly error for it clearly establishes the intent and purpose of the parties in the matter of the subsequent deeds between them, if this does not clearly appear from the instruments themselves.

There is no question raised as between Hocker and his grantee that he intended to convey to the defendant Frank Huston all the interest that he had in the premises including the rights of way, and he so testifies.

The court held that Hocker was entitled to these rights of way personally, but had not conveyed the same to the defendant Frank Huston, and enjoined the defendants and each of them from the use thereof. In this we think the court erred.

It is plain from the contract, if not from the deed itself, from Hocker to Huston, and also from the understanding of both parties to the deed at the time, and at the time of the trial, that it was the good faith purpose and intention of Hocker by his quit claim to convey his every right and interest in the premises with the right of ingress and egress, as fully set forth in these several writings.

The court seems to base his conclusion upon the language of the grant in the quit claim deed from Wason to Hocker, which is as follows:

"Has remised, released, sold, conveyed and quit claimed, and by these presents does remise, release, sell, convey and quit claim unto the said party of the second part, his heirs and executors forever the right to the use of the following described private roadway situate, lying and being in the County of Garfield and State of Colorado, to-wit: The right to use jointly with the said first party as a private roadway the 25 foot strip of land heretofore secured by condemnation proceedings by said first party in the District Court of said County, described as follows:"

The court reaches this conclusion from the apparent omission of the word "assigns" from the express grant, to

grantee, "his heirs and executors forever." We think this conclusion is not justified by either the law or the facts.

By the terms of the contract, the interest in the use of these roadways was to be an interest running with the land and there is no limitation placed upon such interest in any one of the subsequent conveyances. It is provided by Section 675, Revised Stat. 1908, that:

"Every estate in lands which shall be granted, conveyed or devised to one, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to be granted, devised or conveyed by operation of law."

The judgment of the District Court is reversed with instructions to dissolve the injunction and dismiss the proceeding.

Hill, C. J., and Garrigues, J., concur.